UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TYGRIS ASSET FINANCE, INC.,

                                Judgment-Creditor,

        -against-

MICHAEL ABBOUD OBGYN, P.C., et al,

                              Judgment-Debtors.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
10-mc-794 (CBA)

**AMON, Chief United States District Judge**.

## INTRODUCTION

Judgment-creditor Tygris Asset Finance, Inc. ("judgment-creditor" or "Tygris") moves the Court pursuant to Fed. R. Civ. P. 65.1 to release to it a $10,000.00 bond posted in the above-captioned case. Although the Court directed Michael Abboud and Michael Abboud OBGYN, P.C. (collectively, "judgment-debtors") to file any response in opposition to this motion by November 29, 2011, they have not done so. Instead, judgment-debtors seek the protection of the automatic bankruptcy stay triggered under 11 U.S.C. § 362(a) upon filing petitions for Chapter 11 bankruptcy. For the reasons set forth below, judgment-creditor's motion is granted.

## BACKGROUND

On March 22, 2010, default judgment was entered against judgment-debtors in the United States District Court for the Northern District of Illinois in the amount of $137,337.71. The above-captioned action was commenced on November 12, 2010, when judgment-creditor registered the default judgment in the United States District Court for the Eastern District of New York. On March 18, 2011, the Honorable Eric N. Vitaliano, upon an affidavit from judgment-

debtors, ordered judgment-creditor to show cause why the default judgment entered in the Northern District of Illinois should not be granted.

This Court conducted a show cause hearing on March 22, 2011. The Court decided that any motion to vacate the default judgment should be made in the Northern District of Illinois. The judgment-debtors requested a stay of the enforcement of the default judgment, which was to be accomplished by a marshal's auction, in order to make that motion. This Court indicated that "the only grounds on which [it] would stay the sale is if there's some question about the entry of the default judgment or if there's a sufficient enough question about the entry of the default judgment." Mar. 22, 2011 Hr'g Tr. at 9-10. Counsel for judgment-debtors then averred that her client was never served with a complaint in the Northern District of Illinois action, that he was never served with a default judgment, and that he was provided no opportunity to litigate the action. *Id.* at 10, 13. Based upon this statement, which the Court assumed to be made in good faith, the Court agreed to stay the marshal's sale for 30 days. *Id.* at 29-30. The stay was granted on the condition that judgment-debtors turn over certain equipment to judgment-creditor, post a bond for $10,000.00, and move in the Northern District of Illinois to vacate the default judgment. *Id.* Although the Court did not say so explicitly at the show cause hearing, it is abundantly clear that the bond was ordered pursuant to Fed. R. Civ. P. 65(c) to secure Tygris against any damages that might result if judgment-debtors' representations to or tactics before this Court in its attempt to procure a stay proved to be in bad faith.

Judgment-debtors turned over the required equipment, and on March 24, 2011 counsel to judgment-debtors posted a $10,000.00 bond in the form of a cashier's check paid by non-party Irina D. Abboud.[1] D.E. #5. Judgment-debtors also moved to vacate the default judgment in the

---

[1] In its Affirmation in Response to the Court's Order to Show Cause, Tygris asserts that "Plaintiff is unaware of the relationship of IRINA to the Judgment-debtors." D.E. # 16 ¶ 34. However, in Judge St. Eve's November 1, 2011

Northern District of Illinois. Just as judgment-debtors' counsel had done before this Court, she averred before the Honorable Amy J. St. Eve that her clients had not been served and that neither her clients nor she was aware of the Illinois action until mid-March 2011. In an opinion denying judgment-debtors' motion to vacate dated August 15, 2011, Judge St. Eve found, however, that "[t]he overwhelming, uncontested documentary evidence flatly contradicts this contention." Decision on Motion to Vacate, D.E. #16-1, at 9; N.D. Ill. Docket No. 10-cv-339, D.E. # 36 at 3. In addition, Judge St. Eve ordered counsel for judgment-debtors to show cause why she should not impose sanctions. Although judgment-debtors appealed this decision, the Seventh Circuit dismissed the appeal for lack of prosecution on February 6, 2012, citing counsel's representations that judgment-debtors had "completely failed to communicate with her since October 3, 2011." *See* U.S.C.A. Mandate, N.D. Ill. Docket No. 10-cv-339, D.E. # 57. On November 1, 2011, Judge St. Eve imposed sanctions, finding that counsel for judgment-debtors had "multiplied the proceeding through filing baseless pleadings and affidavits that flatly contradict documentary evidence." Decision on Sanctions, D.E. # 16-1, at 6; N.D. Ill. Docket No. 10-cv-339, D.E. # 48 at 5. Judge St. Eve held that the very representations that formed the explicit and sole basis for the stay were demonstrably false and made in bad faith.

Judgment-creditor now returns to request that this Court release the $10,000.00 bond posted on behalf of judgment-debtors. The Court directed judgment-debtors to file any response in opposition to this motion by November 29, 2011, but judgment-debtors failed to do so. On June 5, 2012, upon learning that both judgment-debtors filed voluntary bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of New York, see Case Nos. 12-41906 (Michael Abboud, filed March 16, 2012); 11-49072 (Michael Abboud OBGYN, P.C.,

---

decision granting Tygris's motion for sanctions and August 15, 2011 decision denying Abboud's motion to vacate the default, both of which are attached to Tygris's Affirmation as Exhibits A and B, Judge St. Eve repeatedly indicates that Irina Abboud is judgment-debtor Michael Abboud's wife. *See, e.g.*, D.E. # 16-1 at 3, 4, 8.

filed October 26, 2011), this Court issued an order to show cause why the Court could take the action requested by judgment-creditor. On June 29, 2012, judgment-creditor filed an affirmation in response to the order to show cause, arguing primarily that the $10,000.00 bond is not property of either bankruptcy estate and therefore not subject to the automatic bankruptcy stay. D.E. # 16. In its June 29 affirmation, judgment-creditor also attests that it suffered damages in excess of $10,000.00 as a result of this Court's decision to stay the marshal's sale and allow judgment-debtors to seek to vacate the default judgment in the Northern District of Illinois. *Id.* ¶ 41. On July 6, 2012, judgment-debtors filed an affirmation in opposition, asserting that the determination of whether the $10,000.00 injunction bond constitutes "property of the estate" for purposes of the automatic stay under 11 U.S.C. § 362(a) must be determined by the United States Bankruptcy Court. On July 16, 2012, judgment-creditor filed a response.

## DISCUSSION

### I. This Court May Decide the Instant Motion

Pursuant to 28 U.S.C. § 157(a) and standing Administrative Order No. 264 (E.D.N.Y. Aug. 28, 1986) (Weinstein, C.J.), all cases or proceedings brought pursuant to Title 11 or relating to Title 11 in the Eastern District of New York are referred to the United States Bankruptcy Court for the Eastern District of New York. Nevertheless, the Second Circuit has expressly held that a district court presiding over a pre-petition action has concurrent jurisdiction with the bankruptcy court to determine whether the automatic bankruptcy stay applies to the pending non-bankruptcy action. *Erti v. Paine Webber Jackson & Curtis, Inc.* (*In re Baldwin-United Corp. Litig.*), 765 F.2d 343, 347 (2d Cir. 1985); *F.T.C. v. Consumer Health Benefts Ass'n*, No. 10-cv-3551 (ILG), 2011 WL 2341097, at *1 n. 3 (E.D.N.Y. Jun. 8, 2011); *In re Pitts*, No. 808-74860, 2009 WL 4807615, at *4 (Bankr. E.D.N.Y. Dec. 8, 2009).

Whether the district court *should* exercise its inherent jurisdiction to decide the applicability of the automatic stay is a separate question. *See Baldwin-United*, 765 F.2d at 347. Although this is a pre-petition motion already pending before this Court, judgment-creditor correctly notes that 28 U.S.C. § 157(d) gives district courts discretion to "withdraw, in whole or in part, any case or proceeding referred under [Section 157], on its own motion or on timely motion of any party, for cause shown." The analysis used under Section 157(d) is helpful in deciding whether this court should exercise jurisdiction. The statute does not define the term "cause," but courts in this Circuit consider several factors, including "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors." *In re Burger Boys, Inc.*, 94 F.3d 755 (2d Cir. 1996) (citing *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. denied*, 511 U.S. 1026 (1994)).

Although the first and most important factor is whether the claim is within the bankruptcy court's core jurisdiction, "any factor may have substantial importance in a given case, and none is dispositive." *DeWitt Rehab. & Nursing Center, Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 590 (S.D.N.Y. 2012) (citing *In re Burger Boys*, 94 F.3d at 762; *In re Orion Pictures Corp.*, 4 F.3d at 1101). Even assuming that this is a core bankruptcy proceeding,[2] concerns of judicial economy

---

[2] Core bankruptcy proceedings involve "rights created by bankruptcy law, or that could arise only in a bankruptcy case." *DeWitt Rehab.*, 464 B.R. at 591 (citing *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006)). Title 28, Section 157(b)(2) of the United States Code sets forth a non-exclusive list of matters constituting "core" proceedings, which includes "exemptions from property of the estate" and "motions to terminate, annul, or modify the automatic stay." 28 U.S.C. §§ 157(b)(2)(B), (G). The statutory list does not expressly include proceedings to determine whether certain property is "property of the estate" as defined by 11 U.S.C. § 541, but one court in this Circuit has recently held that such determinations do fall within core bankruptcy jurisdiction. *See In re Salander-O'Reilly Galleries, LLC*, No. 11-cv-6133 (CS), 2012 WL 2878122, at *12 (S.D.N.Y. Jul. 10, 2012); *but see In re CIS Corp.*, 172 B.R. 748, 756, 757 (S.D.N.Y. 1994) (an action that "in substance and spirit" is "fundamentally an action to determine disputed *ownership* in property…is independent and outside the reach of the bankruptcy process" (emphasis in original)). As the "distinction between core and non-core is somewhat subjective and

counsel in favor of deciding whether the bankruptcy stay applies, and if not, the merits of the instant motion. This Court ordered both the injunction and the injunction bond at issue, and is intimately familiar with the long history of this case. The parties have already submitted multiple papers on this motion. It would therefore generate undue delay, expense, and waste of judicial resources to direct judgment-creditor to bring its motion again before the Bankruptcy Court, and so the Court chooses to invoke its jurisdiction.

## II. The $10,000 Injunction Bond is Not Subject to the Automatic Stay

In its June 29 affirmation in response to the Court's order to show cause, judgment-creditor asserts that the $10,000.00 injunction bond is not the property of either judgment-debtors' estate as defined in 11 U.S.C. § 541 because it was posted by non-party Irina Abboud. D.E. # 16, ¶ 3-4. Judgment-creditor argues in the alternative that if the Court determines that the bond is property of the estate of either judgment-debtor, it should order the bond to be turned over to the United States Trustee or to the Bankruptcy Court for ultimate distribution to creditors. *Id.* ¶¶ 53-59. The Court agrees that the $10,000.00 injunction bond does not belong to either judgment-debtor's estate and is therefore unaffected by the pending bankruptcy stay, but for reasons unrelated to the fact that Irina Abboud posted the bond.

Under 11 U.S.C. § 362, filing a petition for Chapter 11 bankruptcy "operates as a stay, applicable to all entities, of…any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The parties have not pointed to any authority on whether the automatic stay precludes adjudication of a motion to recover a Rule 65(c) injunction bond, and the Court has not been able to locate any. Nevertheless, bankruptcy law regarding "appeal" or "supersedeas" bonds and other funds held *in*

---

contextual," *Central Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 191 (2d Cir. 2003), and the parties have submitted no briefing on the question, the Court will refrain from deciding whether this is, in fact, a core proceeding.

*custodia legis* is instructive. Appeal bonds are similar to the instant $10,000.00 injunction bond in that they provide security to judgment-creditors while execution on judgment is stayed pending appeal. *See In re Duplitronics, Inc.*, 183 B.R. 1010, 1014 (Bankr. N.D. Ill. 1995) ("The purpose of the [supersedeas] bond is to protect the appellee, who normally would have the right to execute on the judgment immediately…." (internal quotation marks omitted)). The instant bond likewise provided security to Tygris while execution on the default judgment was stayed pending judgment-debtors' motion to vacate. Appeal bonds differ from the instant bond, however, in that judgment-creditors who succeed on appeal use the appeal bond to satisfy the unenforced judgment. *Id.* (appeal bonds "insure[] that if the judgment is affirmed, the appellee will have a source of recovery and will not have been prejudiced by being prevented from executing on the judgment" (internal quotation marks omitted)). The $10,000.00 bond in this case was ordered to secure judgment-creditor against any *additional* damages sustained as a result of being wrongfully enjoined, not as a means of satisfying a portion of the existing $137,337.71 judgment. *See Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 558 (2d Cir. 2011) (Rule 65(c) bonds secure against "the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." (quoting Fed. R. Civ. P. 65(c) (emphasis omitted)).

The express terms of 11 U.S.C. § 362(a)(2) provide that the automatic stay applies to "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy case]." Nevertheless, bankruptcy courts have held that a Section 362(a) automatic stay "does not prevent final judgment creditors from enforcing their judgments against the appeal bonds" because "[t]he debtor retains a reversionary interest in an appeal bond subject to divestiture if the debtor is unsuccessful once the appeal process has been completed," and "[i]f the appeal has been completed prior to the filing of the petition, and the

debtor has been divested of its reversionary interest, the debtor does not have an interest in the bond that is property of the estate." *In re Keene Corp.*, 162 B.R. 935, 942 (Bankr. S.D.N.Y. 1994); *see also In re Spiro*, 305 B.R. 142, 145-46 (Bankr. D. Conn. 2004); *Edwards v. Armstrong*, 6 F.3d 312, 316 (5th Cir. 1993), *rev'd on other grounds sub nom. Celotex Corp. v. Edwards*, 514 U.S. 300 (1995); *In re Duplitronics, Inc.*, 183 B.R. at 1014 & n. 5.[3]

Applying a similar logic, even if the monies used to fund the $10,000.00 injunction bond did in fact belong to judgment-debtors, they would similarly have retained at most a reversionary interest subject to divestiture once the bond was posted. Because the injunction was issued solely to allow judgment-debtors the opportunity to seek to vacate the default judgment in the Northern District of Illinois, their interest in the bond was divested when Judge St. Eve denied the judgment-debtors' motion to vacate on August 15, 2011. Michael Abboud OBGYN, P.C. filed for bankruptcy on October 26, 2011 and Michael Abboud filed on March 16, 2012; thus, both judgment debtors had already been divested of their reversionary interest in the bond prior to filing for bankruptcy.

Therefore, the bond is not property of either judgment-debtor's estate. The fact that Irina Abboud posted the bond—if relevant at all—merely lends further support to the Court's conclusion. Finally, the judgment-debtors have made absolutely no showing that the bond should be considered property of either estate. The automatic stay thus does not preclude this Court's adjudication of the merits of Tygris's motion for recovery of the bond.

---

[3] In contrast, in *Celotex Corp. v. Edwards*, the Supreme Court refused to allow respondent creditors to execute a supersedeas bond against debtor Celotex's surety because the bankruptcy court had issued a separate injunction pursuant to 11 U.S.C. § 105(a) that specifically precluded creditors from executing against any supersedeas bond posted by Celotex. 514 U.S. 300, 303-04 (1995). A review of the bankruptcy dockets in cases 12-41906 and 11-49072 reveals that no such order has been made precluding Tygris from collecting the $10,000.00 injunction bond in the instant case.

**III.     Tygris was Wrongfully Enjoined and is Entitled to Recovery of the Injunction Bond**

There is no question that judgment-creditor was wrongfully enjoined from executing its default judgment against judgment-debtors, and judgment-creditor has attested that it suffered in excess of $10,000.00 of damages as a result. Judgment-creditor is therefore entitled to recover the entirety of the injunction bond.

"A party is wrongfully restrained, and therefore entitled to recovery, if it is ultimately determined that at all times it had the right to do the restrained act." *Source Interlink Distrib., LLC v. Bauer Publ'g Co.*, No. 09-cv-1152(PAC), 2009 WL 1755270, at *2 (S.D.N.Y. Jun. 22, 2009) (citing *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990)). In this Circuit, "wrongfully enjoined parties are entitled to a presumption in favor of recovery against [a bond posted pursuant to Rule 65(c)] for provable damages." *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 556-57 (2d Cir. 2011). This "assures the enjoined party that it may readily collect damages from the funds posted in the event that it was wrongfully enjoined, and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff. *Id.* at 557 (citing *Continuum Co., Inc. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989)); *see also Medafrica Line, S.P.A. v. American West African Freight Conference*, 654 F. Supp. 155, 156-57 (S.D.N.Y. 1987) (defendant wrongfully enjoined from collecting a penalty from plaintiff was entitled to recover the entire amount of an injunction bond issued by plaintiff's surety after plaintiff declared bankruptcy).

To recover, "the wrongfully enjoined party must first demonstrate that the damages sought were proximately caused by the wrongful injunction," and then "the burden of demonstrating that recovery should be denied is on the party opposing recovery." *Nokia Corp.*,

645 F.3d at 559. The opposing party can meet this burden by showing that "the damages sought were unreasonable in amount or that a party failed to mitigate them." *Id.*

The Court credits the findings of Judge St. Eve and holds that Tygris was wrongly enjoined due to judgment-debtors' false representations to this Court. Plaintiff has averred that it suffered over $10,000.00 of damages as a result of the wrongful injunction, and judgment-debtors have made no effort to contest this claim. D.E. # 16 at 41. The Court holds that judgment-creditor is entitled to full recovery of the $10,000.00 bond, which serves purely as compensation for damages sustained and does not satisfy any portion of the $137,337.71 default judgment owed. The extent to which judgment-creditor may proceed to execute on the $137,337.71 default judgment falls within the purview of the United States Bankruptcy Court.

SO ORDERED.

Dated: October 26, 2012
      Brooklyn, N.Y.

/s/
Carol Bagley Amon
Chief United States District Judge